FILED

Jun 25 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ s/ franciscoh _____ DEPUTY

RAFAEL ARAUJO
5628 DESERT VIEW DR
LA JOLLA CA 92037

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEAGO DIVISION

RAFAEL ARAUJO,

Plaintiff,

vs.

LEGAL DIVISION DEPARTMENT OF
SOCIAL SERVICES; AND
CALIFORNIA ATTORNEY GENERAL,

Defendant,

Case No.: **'21CV1172 JAH  BGS**

**PLAINTIFF'S COMPLAINT**

NOW COMES, Plaintiff, **RAFAEL ARAUJO,** and states as follows:

**THE PARTIES**

1. The Plaintiff is a citizen and resident of La Jola in San Diego County, California

2. The defendant is a California Government Agency and is located in Sacramento in Sacramento County, California.

3. The Defendant is a California Government Agency and is located in Sacramento, California.

4. The Plaintiff resides at 5628 Desert View Drive, La Jola, California

5. Defendant Department of Social Services principal office is located at 744 P Street, MS-8-5-161 Sacramento, California.

PLAINTIFF'S COMPLAINT - 1

6. Defendant California Attorney General's principal office is located at 1300 "I" Street Sacramento, CA.

7. Plaintiff is referred to herein as "Mr. Araujo."

8. Defendant Department of Social Services is referred to herein as "DSS."

9. Defendant Attorney General is referred to herein as "AG."

## BACKGROUND

1. On April24, 2020 Plaintiff, hereafter ("Mr. Araujo") received a letter from Community Care Licensing hereafter ("CCL"), which stated that Veronica Araujo Mr. Araujo's step-mother was renewing her daycare license for 2020. This letter also stated that Mr. Araujo should be excluded from residing or having any daycare license at Ms. Araujo's residence as Mr. Araujo was "arrested" in June of 2019. Mr. Araujo was in fact "arrested" but was never convicted.

2. Mr. Araujo has had minimal contact with his father and Ms. Araujo since 2018, and never resided at the home daycare, or worked for the home daycare. Mr. Araujo spent (3) three months at his father's residence towards the end of 2016, when Mr. Araujo was 16 years-old. Mr. Araujo never worked or resided at the residence in question during the 2019 or 2020 timeframe in question before this court.

3. On April 24, 2020 Mr. Araujo received a letter containing the Accusation, Statement to Respondent, Request for Discovery, and Notice of Defense from Defendant "DSS."

PLAINTIFF'S COMPLAINT - 2

## FIRST CAUSE OF ACTION

Defendant DSS Violated H.I.P.P.A by Obtaining Medical Records and Tests to Be Used for Identification of Mr. Araujo.

1. During the course of the investigation of Mr. Araujo's medical records became part of the DSS investigation. They fraudulently obtained medical reports and Mr. Araujo's immunization records and medical appointment reports from his healthcare providers.

2. The Acts of DSS are in direct violation of Section 45 C.F.R. Part 160 et al. which provides that: (a) The Secretary may issue subpoenas in accordance with 42 U.S.C. 405(d) and (e), 1320a-7a(j), and 1320d-5 to require the attendance and testimony of witnesses and the production of any other evidence during an investigation or compliance review pursuant to this part. For purposes of this paragraph, a person other than a natural person is termed an "entity." (1) A subpoena issued under this paragraph must - (i) State the name of the person (including the entity, if applicable) to whom the subpoena is addressed; (ii) State the statutory authority for the subpoena; (iii) Indicate the date, time, and place that the testimony will take place; (iv) Include a reasonably specific description of any documents or items required to be produced; (2) A subpoena under this section must be served by - (i) Delivering a copy to the natural person named in the subpoena or to the entity named in the subpoena at its last principal place of business; or (ii) Registered or certified mail addressed to the natural person at his or her last known dwelling place or to the entity at its last known principal place of business. (5) A subpoena under this section is enforceable through the district court of the United States for the district where the subpoenaed natural person resides

PLAINTIFF'S COMPLAINT - 3

or is found or where the entity transacts business. (c) Consistent with § 160.310(c)(3), testimony and other evidence obtained in an investigational inquiry may be used by HHS in any of its activities and may be used or offered into evidence in any administrative or judicial proceeding.

3. DSS failed to do this in this case and is therefore in direct violation of the aforementioned statute and should be penalized by this court for the illegal actions against Mr. Araujo.

4. Mr. Araujo has suffered mental anxiety, a great deal of stress, loss of employment potential, and financial harm from DSS's actions against him.

## SECOND CAUSE OF ACTION

Defendant DSS Used Their Office to Commit Identity Theft and Extortion Against Mr. Araujo.

1. On February 19, 2020 Mr. Araujo contacted DSS to inform their office that they have been permitting a licensee Veronica Araujo of Veronica Daycare who is duly licensed by DSS as a registered child care facility. Mr. Araujo having been accused or residing and working at the daycare requested the Home Care Organizational report (HCS-600); Criminal Record Statement (LIC-507); Health Screen Report (LIC-503); Notice of Employee Rights (LIC-9052); and Request for Life Scan Services (LIC - 9163).

2. Identity Theft is identified when "the offender "knowingly ... uses, without lawful authority a means of identification without authorization. 18 U.S.C. §1028A(a)(1). Bing that DSS had no lawful authority to obtain any identity information about Mr.

PLAINTIFF'S COMPLAINT - 4

Araujo, his medical reports, fingerprints, or background checks they have violated the aforementioned federal statute.

3. What's more, DSS had or should have known that Mr. Araujo was not a resident or employee at the daycare, so they obtained the aforementioned information with the knowing and willful attempt to commit fraud. Extortion is defined as: **(d)**Whoever, with intent to extort from any person any money or other thing of value, knowingly so deposits or causes to be delivered, as aforesaid, any communication, with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to injure the property or reputation of the addressee or of another, or the reputation of a deceased person, or any threat to accuse the addressee or any other person of a crime, shall be fined under this title or imprisoned not more than two years, or both. 18 U.S.C. § 876.

4. The actions in this case committed by DSS are a direct and unconscionable violation of his Constructional rights, and federal law. Being that DSS has a "law enforcement" arm of their department and both are government agencies, they are subject to suit in this case. Since these agencies used their authority to violate Mr. Araujo's federally protected Constitutional rights while acting under the "color of law" there is no qualified immunity in this case. The AG is the legal arm of the California legal process and is over DSS's legal activities and is therefore also subject to this suit.

PLAINTIFF'S COMPLAINT - 5

## THIRD CAUSE OF ACTION

DSS Through Their Investigative Process and the Filing of a State Administrative Action Against Mr. Araujo Violated His Fourth and Fourteenth Amendment Rights Under the U.S. Constitution.

1.    The April 2020 letter sent by DSS indicating that Mr. Araujo was under investigation and looking at civil and/or criminal punishment by DSS was a direct and unconscionable violation of his Constructional rights. Being that DSS has a "law enforcement" arm of their department, and both are government agencies, they are subject to suit in this case. Since these agencies used their authority to violate Mr. Araujo's federally protected Constitutional rights while acting under the "color of law" there is no qualified immunity in this case. The AG is the legal arm of the California legal process and is over DSS's legal activities and is therefore also subject to this suit.

2.    DSS violated the Fourth Amendment of the U.S. Constitution by obtaining personal papers without court authority or a duly authorized warrant to be in possession of said papers. The papers in question consist of, but are not limited to: criminal information, medical records, and other identifying documents used to commit the extortion and identity theft as stated in Cause One and Two of this complaint.

3.    DSS violated the Fourteenth Amendment of the U.S. Constitution by eliminating Mr. Araujo's Due Process rights protected therein. Being that DSS knowingly and wantonly filed a claim against Mr. Araujo having knowledge that this claim was fraudulent and had no evidence to support it they have eliminated Mr. Araujo's rights

PLAINTIFF'S COMPLAINT - 6

protected under the aforementioned Amendment. Even after learning that the information was not what they were looking for DSS continued to sue and harass Mr. Araujo when the action against him should have been dropped forthwith.

4. The actions in this case committed by DSS are a direct and unconscionable violation of his Constructional rights, and federal law. Being that DSS has a "law enforcement" arm of their department and both are government agencies, they are subject to suit in this case. Since these agencies used their authority to violate Mr. Araujo's federally protected Constitutional rights while acting under the "color of law" there is no qualified immunity in this case. The AG is the legal arm of the California legal process and is over DSS's legal activities and is therefore also subject to this suit.

**WHEREFORE,** Plaintiff demands judgement against Defendants' as follows:

A. For all Compensatory and Punitive damages with respect to statutory and tort claims in an amount being just;

B. For an award for all costs resulting from this case, and for reasonable attorney's fees; and

C. Injunctive Relief keeping Defendants' from carrying out any further actions against Plaintiff including criminal checks and any other records requests regarding this case or otherwise.

PLAINTIFF'S COMPLAINT - 7

25 day of June, 2021.


Respectfully Submitted,

_____
Rafael Araujo

PLAINTIFF'S COMPLAINT - 8

## CERTIFICATE OF SERVICE

I, **Carla McEwen**. hereby declares under the penalty of perjury the following:

1.     True and correct copies of the foregoing have been submitted by either electronic means, U.S. Mail, or direct filing with the clerk, to the following parties in this matter before the court:

**Office of Administrative Hearing San Diego**

Administrative Law Clerk

**Legal Division-Department of Social Services**

Regina Quaynor, Esq.

**Office of the Attorney General**

**Clerk of the U.S. District Court San Diego Division**

**Carla McEwen**

PLAINTIFF'S COMPLAINT - 9