UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ARAUJO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LEGAL DIVISION DEPARTMENT OF SOCIAL SERVICES; AND CALIFORNIA ATTORNEY GENERAL,<br><br>　　　　　　　　　　Defendant. | Case No.:  21-cv-1172-JAH-BGS<br><br>**ORDER:**<br><br>**1. GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2] AND:**<br><br>**2. DISMISSING COMPLAINT WITHOUT PREJUDICE IN PART AND WITH PREJUDICE IN PART PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) [Doc. No. 1].** |

## INTRODUCTION

On June 25, 2021, Rafael Araujo ("Plaintiff"), proceeding *pro se*, filed a complaint against the Legal Division Department of Social Services (DSS) and the California Attorney General (collectively, "Defendants") alleging aggravated identity theft, extortion, as well as violations of his rights under the Fourth Amendment, the Fourteenth Amendment, and the Health Insurance Portability and Accountability Act (HIPAA). Plaintiff has also filed a motion for leave to proceed *in forma pauperis* (IFP). After a careful review of the pleadings and for the reasons set forth below, the Court (1) **GRANTS**

Plaintiff's motion for leave to proceed IFP, and (2) **DISMISSES** the Complaint. The Court grants Plaintiff leave to amend as described herein.

## DISCUSSION

### I. Plaintiff's IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Courts grant leave to proceed IFP when plaintiffs submit an affidavit including a statement of all their assets, showing an inability to pay the statutory filing fee. *See* 28 U.S.C. § 1915(a).

In support of his motion to proceed IFP, Plaintiff submitted an application detailing certain financial information. *See* Doc. No. 2. Plaintiff has received an average monthly income of $1,200.00 during the past twelve months. *Id.* at 1. Plaintiff's average monthly expenses total $1460.00, which exceeds his total average monthly income. *Id*. Plaintiff indicates no other assets of value. *Id.* at 3. Based on these representations, the Court finds Plaintiff is unable to pay the statutory filling fee. Accordingly, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP.

///
///
///
///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

## II. *Sua Sponte* Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

When a plaintiff seeks leave to proceed IFP, pursuant to 28 U.S.C. § 1915(a), the Complaint is subject to *sua sponte* review and mandatory dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that… (B) the action or appeal… (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (§ 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). "The standard for determining whether a plaintiff has failed to state a claim" upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Rule 12(b)(6) test the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzeke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

To survive dismissal, the complaint must contain "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). Detailed factual allegations are not required, but "[t]hreadbare" recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

### A. Plaintiff's Claims Are Barred by the Eleventh Amendment

The Eleventh Amendment states, "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Although by its terms the Amendment applies only to suits against a State by citizens of another State, [the U.S. Supreme Court has] extended the Amendment's applicability to suits by citizens against their own States." *Bd. of Trs. v. Garrett*, 531 U.S. 356, 363 (2001). "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court under sovereign immunity." *Id.* Furthermore, "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State and state officials in federal court." *Ky. v. Graham*, 473 U.S. 159, 169 (1985).

### i. Defendant California Attorney General

As stated above, the Eleventh Amendment prohibits a suit for damages against a State in federal court, absent waiver by the State or valid congressional override. *Id.* "This bar remains in effect when state officials are sued for damages in their official capacity." *Id.* However, a state official is not entitled to Eleventh Amendment immunity when the official is sued in his or her individual capacity only. *Hafer v. Melo*, 502 U.S. 21, 31 (1991).

Here, Plaintiff's claims against the California Attorney General are barred by the Eleventh Amendment because the plaintiff is a private citizen attempting to sue a state official in his or her official capacity. *See Ky v. Graham*, 473 U.S. 166 (1985) ("[A]

plaintiff seeking to recover damages against a state official in his or her official capacity must look to the government entity itself").

Because the Complaint asserts the California Attorney General is liable in his or her official capacity, the claim must be dismissed with prejudice. *See Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999) ("under the Eleventh Amendment, state officials in their official capacity are immune from private damage actions or suits for injunctive relief brought in federal court.") "The entity that is the real party in interest is the State of California." *Spengler v. Attorney General Office,* No.:CV-17-8643-DOC (SP), 2018 WL 10498579 2018WL, at *3 (C.D. Cal. June 18, 2018); s*ee also Diaz v. Carlson*, 5 F.Supp.2d 809 (C.D. Cal. 1997) (holding that a claim falls within the Eleventh Amendment's bar on federal jurisdiction for claims against a state official when the state is the real, substantial party in interest).

"[A] suit for money damages may be prosecuted against a state officer in their individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer themself, so long as the relief is sought not from the state treasury but from the officer personally." *Alden v. Me.*, 527 U.S. 706, 757 (1999). Even with liberal construction of the complaint, (*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), Plaintiff fails to allege that the California Attorney General is liable in his or her individual capacity or allege facts for this Court to ascertain whether the California Attorney General in his or her individual capacity acted, failed to act, or participated in another's affirmative act causing a deprivation of Plaintiff's rights. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a state official causes deprivation of a constitutional right if he or she does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he or she is legally required to do that causes the deprivation of which complaint is made); *see also Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation").

1  Accordingly, Plaintiff's claims against the California Attorney General in his or her official
2  capacity must be dismissed with prejudice. *See Dittman,* 191 F.3d at 1025.

   ii. <u>Defendant DSS</u>

  As stated, "[t]he Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer,* 523 F.3d 948, 956 (9th Cir.2009), citing *Seminole Tribe v. Florida,* 517 U.S. 44, 54 (1996). The Eleventh Amendment bars a suit in which a state agency, such as DSS, is named as a defendant regardless of the relief sought. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). The Eleventh Amendment applies to suits seeking injunctive relief against the State or its agency as well as to suits for damages. *Id.* at 101–102.

  Here, Plaintiff's suit against DSS for monetary damages and injunctive relief is barred by the Eleventh Amendment. As a state agency, DSS is protected by the Eleventh Amendment and cannot be sued in federal court for any of the claims for relief sought by Plaintiff.[2] Accordingly, Plaintiff's Complaint against DSS is dismissed with prejudice. *See Diaz v. Carlson*, 5 F.Supp.2d 809 (C.D. Cal. 1997) (where a claim fell within the Eleventh Amendment's bar on federal jurisdiction for claims against a state agency and therefore the deficiencies of the complaint could not be cured, dismissal of the action with prejudice was appropriate).

   **B.** **Sufficiency of Allegations**

  Even if maintaining this action against the named Defendants was not a violation of the Eleventh Amendment, each cause of action would be dismissed for the following reasons.

///

///

---

[2] Plaintiff admits in his Complaint that he is suing DSS as an agency of the state of California.  Doc. No. 1, Complaint ¶ 1.

### i. First Claim: HIPAA Violation

"HIPAA itself does not provide for a private right of action." *Webb v. Smart Document Solutions, LLC,* 499 F.3d 1078, 1082 (9th Cir. 2007) (citing *Standards for Privacy of Individually Identifiable Health Information*, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to be codified at 45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court action."). Thus, Plaintiff's first cause of action under HIPAA must be dismissed with prejudice.

### ii. Second Claim: Aggravated Identity Theft and Extortion

Plaintiff alleges a violation of Aggravated Identity Theft pursuant to 18 U.S.C. § 1028. There is no separate, private right of action for aggravated identity theft, as 18 U.S.C. § 1028 is a criminal statute that does not support a private right of action. *See Ross v. Orange Cty. Bar Ass'n*, 369 F. App'x 868, 869 (9th Cir. 2010) (citing *Wilcox v. First Interstate Bank*, 815 F.2d 522, 533 n. 1 (9th Cir. 1987). Therefore, Plaintiff's claim of aggravated identity theft must be dismissed with prejudice.

With respect to California Penal Code § 518, the California Penal Code provides the definition of the crime of extortion but does not provide a private, civil right of action. *See Thomas v. Denny's Restaurant*, No. 15-cv-01113-DAD-SKO, 2015 WL 9583029, at *2, n.4 (E.D. Cal. Dec. 31, 2015) ("Section 518 provides the definition of criminal extortion. There is no private right of action under this section."). Accordingly, "Penal Code section 518 does not provide a private right of action." *Dobson v. U.S. Bank Trust, N.A*, 2021 WL 1235248 2021WL, at *2 (C.D. Cal. February 19, 2021). Therefore, Plaintiff's extortion claim pursuant to California Penal Code § 518 is dismissed with prejudice.

### iii. Fourth Amendment and Fourteenth Amendment Violations

The third cause of action alleges violations of Plaintiff's protections provided by the Fourth Amendment and the Fourteenth Amendment Due Process Clause. Because Plaintiff has not pled that any state officer of the state of California is liable in his or her individual

capacity, Plaintiff's third cause of action alleging Fourth and Fourteenth Amendment violations are also dismissed without prejudice.

## CONCLUSION AND ORDER

For all the reasons discussed above, IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Leave to Proceed IFP, pursuant to 28 U.S.C. § 1915(a), [Doc. No. 2] is **GRANTED**;

2. The Complaint as to Defendant DSS is **DISMISSED with prejudice**.

3. The Complaint as to Defendant California Attorney General in his or her official capacity is **DISMISSED with prejudice**.

4. Plaintiff's claims alleging HIPAA, Aggravated Identity Theft, and Extortion violations are **DISMISSED with prejudice**.

5. Plaintiff's claims alleging Fourteenth Amendment Due Process and Fourth Amendment violations are **DISMISSED without prejudice**.

6. The Court **GRANTS** Plaintiff forty-five (45) days from the filing of this Order to file an Amended Complaint which cures all the deficiencies described herein. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). A failure to timely file an Amended Complaint will result in dismissal of this action, without further order of the Court.

**IT IS SO ORDERED.**

DATED: July 12, 2022

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE